Richard B. Arrotta, Esq.
*The Arrotta Law Firm, P.L.L.C.*
4400 E. Broadway Boulevard, Suite 704
Tucson, Arizona 85711-3525
(520) 881-0000
Fax: (520) 881-0912
SBN 003992, Pima County Bar 1904
Rich@arrottalaw.com

Noah Van Amburg, Esq.
*VAN AMBURG LAW FIRM, P.L.L.C.*
4400 E. Broadway Boulevard, Suite 704
Tucson, Arizona 85711-3525
Tel. Nos. (520) 323-4559 / (520) 881-0000
Fax. (520) 881-0912
PCN 65784/SBN 022737
Noahv@vanamburglaw.com

UNITED STATES DISTRICT COURT

DISTRICT COURT OF ARIZONA

| | |
|---|---|
| Richard Charles Stella, a single man,<br><br>   Plaintiff,<br><br>vs.<br><br>New Horizon Insurance Company, a Texas corporation,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff, by and through undersigned counsel, alleges as follows:

**Parties**

1. At all relevant times, Plaintiff was and is a resident of Pima County, Arizona.
2. Defendant, New Horizon Insurance Company ("New Horizon"), is incorporated in the State of Texas.
3. The conduct of New Horizon that gives rise to its liability as alleged herein was committed by employees and/or agents of New Horizon acting within the scope of

and in furtherance of their employment and/or agency. New Horizon is therefore liable for their conduct based on principles of *respondeat superior* and agency law.

### Underlying Motor Vehicle/Motorcycle Collision

4. Plaintiff was injured in a motor vehicle/motorcycle collision that occurred on October 2, 2022, in Tucson, Arizona.
5. Plaintiff was driving a motorcycle eastbound on East 22nd Street. Maria Magdalena Machado Elias ("Ms. Machado") drove a motor vehicle onto East 22nd Street from a side-street in front of Plaintiff's motorcycle, causing a collision of vehicles and serious injuries to Plaintiff.
6. Ms. Machado was issued citations for violations of A.R.S.§28-773 (Failure to yield from a stop sign), A.R.S.§672A (Causing serious injury or death by a moving violation) and A.R.S.§3151A (No valid driver license). The charge of no valid driver license was subsequently dismissed because Ms. Machado had a valid Mexican driver license. The other charges remained pending in Tucson City Court.
7. At the time of the collision, Ms. Machado was driving a motor vehicle owned by Raul Lopez Hernandez, a Mexican national and resident of Agua Prieta, Sonora, Mexico. The motor vehicle was a 2007 Ford Explorer with Sonora, Mexico license plate number VB78055.
8. Mr. Hernandez is the cousin of Ms. Machado. On the day prior to the collision, Mr. Hernandez traveled to Tucson from Agua Prieta in his Ford Explorer and stayed at the home where Ms. Machado resided.
9. The following day, the day of the collision, Mr. Hernandez gave permission to Ms. Machado to drive his Ford Explorer. Ms. Machado was driving the Ford Explorer with the permission of Mr. Hernandez at the time of the collision on October 2, 2022.

### New Horizon Insurance Policy for Hernandez Vehicle

10. The Ford Explorer owned by Mr. Hernandez was insured by New Horizon. Mr. Hernandez was the named insured and the policy period was from May 17, 2022 to May 17, 2023.

2

11. The Declaration Page of the policy states that the port of entry of the vehicle into the United States from Mexico was Douglas, Arizona.
12. The Declaration Page of the policy further states that the policy is New Horizon's Policy Form NH100, available on New Horizon's website: nhseguros.com/terms.
13. The Declaration Page of the New Horizon policy of Mr. Hernandez sets forth the liability coverage with a limit of $25,000 for bodily injury sustained by one person as a result of an accident, $50,000 per accident for bodily injury sustained by two or more persons, and $15,000 property damage per accident. Bodily injury is defined in the policy as "bodily injury, sickness or disease sustained by a person including death resulting from any of these." (Exhibit 1, New Horizon Insurance Company Policy Form NH100 with Declaration page)
14. The New Horizon Policy Form NH100 states that the policy is sold exclusively to non-residents of the United States of America for vehicles registered in a country other than the United States that must also be mainly garaged and used outside of the United States. Mr. Hernandez and the motor vehicle owned by Mr. Hernandez fulfill these requirements.
15. The New Horizon policy sold to Mr. Hernandez provides coverage for his Ford Explorer only when it is located and used in the United States.
16. The New Horizon insurance policy has numerous exclusions to liability coverage. Those exclusions include when the motor vehicle is "loaned or provided to any person whose own vehicle is out of normal use because of its breakdown, repair, servicing, loss, or destruction," and when it is "loaned or provided to any person who does not own an auto, for their personal use and operation on a temporary or permanent basis." The policy also provides an exclusion for "any driver that does not possess a valid driver's license at the time of the accident."
17. The New Horizon insurance policy also sets forth "Other State Coverage Extensions" and "Loss Conditions." Those identical provisions read as follows:
    "While a covered auto is in use in any state of the United States we will:

3

(1) Increase the Limit of Insurance for Liability Coverage to meet the limit or limits specified by a compulsory or financial responsibility law in the jurisdiction where the covered auto is being used.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered auto is being used. We will not pay anyone more than once for the same elements of loss because of these extensions."

18. A.R.S.§28-4135 is entitled "Motor vehicle financial responsibility requirement" and pertains to all motor vehicles operated on a highway in Arizona.

19. For purposes of A.R.S. Title 28 statutes, A.R.S.§28-101 defines "street" or "highway" as "the entire width between the boundary lines of every way if a part of the way is open to the use of the public for purposes of vehicular travel."

20. The location of the collision between the motor vehicles of Plaintiff and Ms. Machado meets the definition of "highway."

21. A.R.S.§28-4135 sets forth the motor vehicle financial responsibility requirements for motor vehicles operated on highways in Arizona.

22. The provision of A.R.S.§28-4135 that applies to the vehicle owned by Mr. Hernandez and insured by New Horizon requires the following:

"A. A motor vehicle that is operated on a highway in this state shall be covered by one of the following:

1. A motor vehicle or automobile liability policy that provides limits not less than those prescribed in section 28-4009."

23. A.R.S.§28-4009(A) sets forth the motor vehicle liability policy requirements that were applicable to the motor vehicle owned by Mr. Hernandez and insured by New Horizon as required by A.R.S.§28-4135.

24. A.R.S.§28-4009(A) sets forth what is known as the "omnibus clause" and includes coverage pertaining to permissive users of the insured motor vehicle. A.R.S.§28-

4

4009(A) states:

> "An owner's motor vehicle liability policy shall comply with the following: . . .   2. The policy shall insure the person named in the policy as the insured and **any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured against loss from the liability imposed by law for damages** arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, for each motor vehicle as follows: . . .
>
> (b) For a policy that is issued or renewed beginning on July 1, 2020 . . .
>
>   (i) $25,000 because of bodily injury to or death of one person in any one accident.
>   (ii) Subject to the limit for one person, $50,000 because of bodily injury to or death of two or more persons in any one accident.
>   (iii) $15,000 because of injury to or destruction of property of others in any one accident." (Emphasis added)

25. A.R.S. §28-4009(C) sets forth exclusions that are permitted for motor vehicle liability policies as to liability coverage for named insureds and permissive users of insured motor vehicles. The listed exclusions do not include the exclusions to liability coverage of the New Horizon policy set forth in paragraph 16, above.

### Settlement Demands of Plaintiff to New Horizon

26. Plaintiff retained the law firms of The Arrotta Law Firm and The Van Amburg Law Firm to represent him for the injuries he sustained in the accident on October 2, 2022.

27. On January 16, 2023, a demand for settlement in the amount of the per person liability limits of $25,000 was emailed to Veronica Gonzales, a claims adjuster for New Horizon. Attached to the demand were Plaintiff's medical bills obtained to date, totaling over $240,000, and Tucson City Court documentation confirming Ms. Machado was cited for Failure to Yield From Stop Sign, Causing Serious Physical Injury or Death by Moving Violation and No Valid Driver License.

28. On January 25, 2023, Ms. Gonzales, on behalf of New Horizon, responded to the demand in a letter declining the claim. The basis for the denial was: "The policy

5

specifically requires any driver of the insured vehicle to have a valid driver's license for coverage to be afforded."

29. On February 21, 2023, a copy of the Mexican driver's license of Ms. Machado and the Tucson Police Department reports pertaining to the accident were emailed to Ms. Gonzales. A second demand for prompt tender of the $25,000 bodily injury limits was made.

30. On February 22, 2023, New Horizon again denied the claim in a letter from Ms. Gonzales. The basis for the denial was: "Our investigation determined the insured vehicle was being driven by Maria Magdalena Machado Elias who was using the insured vehicle for her own personal use. The policy specifically excludes coverage for when the insured vehicle is loaned or provided to any person for their personal use of operation on a temporary or permanent basis."

**Lawsuit Against Maria Machado and Refusal of New Horizon to Defend Her**

31. On March 22, 2023, a lawsuit was filed in Pima County Superior Court, case number C20231301, captioned Richard Charles Stella v. Maria Magdalena Machado. Plaintiff's claim was for both bodily injury and property damage as a result of the accident on October 2, 2022. Service of the Summons, Complaint and Rule 102a FASTAR Certificate was made on Ms. Machado on March 28, 2023.

32. On March 28, 2023, Veronica Gonzales was emailed the Summons, Complaint and Rule 102a FASTAR Certificate pertaining to the Pima County Superior Court case and was advised that Ms. Machado was personally served that morning.

33. On April 10, 2023, the Certificate of Service of the Summons, Complaint and Rule 102a FASTAR Certificate was emailed to Ms. Gonzales. She was advised that an Answer to the Complaint would be due on or before April 17, 2023.

34. On April 12, 2023, a letter from Manuel Gardea, Jr., Claims Director for New Horizon, was emailed to Plaintiff's counsel. The letter stated in part:

"The investigation into this loss determined that the insured vehicle was being used by Maria Magdalena Machado Elias as a loaned vehicle from the

insured due to Ms. Machado's personal vehicle breakdown. The insured's policy of insurance specifically excludes all coverage when an insured vehicle is loaned to any individual for their use under this circumstance. . . Given the above, no coverage will apply for the loss. Also, since no coverage applies for this loss, there is no duty to defend the insured or insured driver on this matter. Ms. Machado has been contacted and advised that it is in her best interest to obtain a personal attorney of her own choosing to file the appropriate answer for this lawsuit since we will not be providing a defense for her."

### Excess Insurance Coverage Available to Maria Machado

35. On October 2, 2022, the date of the accident with Plaintiff, Maria Machado resided with her brother, Raul Machado, and her son, David Machado, in Tucson, Arizona.

36. Maria Machado was a co-owner with Raul Machado of a motor vehicle. That motor vehicle was insured by GEICO Casualty Company ("GEICO") and had the minimum bodily injury liability limits set forth in A.R.S.§28-4009. GEICO tendered the minimum liability limit of $25,000 to Plaintiff.

37. David Machado owned a motor vehicle insured by Farmers Insurance Company ("Farmers") with bodily injury liability limits of $50,000 per person. Farmers tendered its liability limits of $50,000 to Plaintiff.

38. A.R.S.§20-1123.01 is entitled "Motor vehicle liability insurance; primary and excess coverage." Pursuant to paragraph B of that statute, the New Horizon policy issued to Mr. Hernandez is the primary insurance policy for the liability of Maria Machado, as it insured the Hernandez vehicle. The GEICO and Farmers policies are excess coverage for the liability of Ms. Machado.

### Settlement Agreement between Plaintiff, Ms. Machado, GEICO and Farmers

39. Plaintiff, Maria Machado, GEICO and Farmers have entered into a Settlement Agreement pertaining to the refusal of New Horizon to provide insurance coverage for Ms. Machado, New Horizon's refusal to settle the claim of Plaintiff, and New Horizon's refusal to defend Ms. Machado in the lawsuit filed against her by Plaintiff in Pima County Superior Court.

40. Pursuant to the Settlement Agreement, Judgment was entered in the Pima County

Superior Court case in favor of Plaintiff and against Ms. Machado on March 13, 2024, in the amount of $4,000,000, together with taxable costs of $409.24, with interest accruing at the annual rate of 9.5% from the date of the Judgment. Judgment was entered after a Default Hearing before the Honorable Cynthia T. Kuhn. (Exhibit 2)

41. Pursuant to the Settlement Agreement, Ms. Machado has assigned all of her claims, rights, title and interest in the New Horizon policy and all of her claims against New Horizon, to Plaintiff. Plaintiff has covenanted that he will not execute the Judgment upon Ms. Machado. In addition, GEICO has paid to Plaintiff the bodily injury liability limits of the GEICO policy of $25,000, and Farmers has paid to Plaintiff the bodily injury liability limits of the Farmers policy of $50,000.

42. This action has been filed against New Horizon pursuant to the assignment from Ms. Machado as set forth in the Settlement Agreement.

## Jurisdiction and Venue

43. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount at issue is in excess of the jurisdictional minimum per statute.

44. This Court has personal jurisdiction of New Horizon to include, but not limited to, the following reasons:

A. On March 12, 2020, New Horizon was provided a Certificate of Authority by the Arizona Department of Insurance and Financial Institutions ("Arizona DIFI") to transact insurance business in Arizona, to include vehicle insurance business. The authorization to transact insurance business by New Horizon is subject to Arizona law, to include the provisions of Titles 20 and 28 of the Arizona Revised Statutes, and New Horizon is regulated by the Arizona DIFI.

B. New Horizon conducts insurance business in the State of Arizona, to include the conduct of business within the Tucson Division of this judicial circuit.

C. Pursuant to A.R.S.§20-221, New Horizon has appointed the Director of Arizona DIFI as its statutory agent for the acceptance of service of process.

D. New Horizon has an interactive website that allows for the purchase of its

    insurance policies on-line through the internet, to include the purchase of its policies by individuals within the State of Arizona.

E. The motor vehicle/motorcycle accident that underlies this case occurred in Tucson, Arizona and involved residents of the State of Arizona.

F. The insurance policy sold by New Horizon to Mr. Hernandez was issued to him for the specific purpose of providing motor vehicle insurance coverage for Mr. Hernandez's vehicle that would be applicable when the vehicle entered the State of Arizona from Mexico through the port of entry of Douglas, Arizona. Upon entering Arizona, Mr. Hernandez's vehicle would necessarily be driven on Arizona state highways.

G. Upon information and belief, the insurance policy sold by New Horizon to Mr. Hernandez was a policy issued to him through the interactive website of New Horizon.

H. The New Horizon policy sold to Mr. Hernandez provides that the motor vehicle financial responsibility laws of Arizona apply to the accident that underlies this case.

I. Pursuant to A.R.S.§20-106(A)(4), the transaction of business by New Horizon with respect to contracts of insurance includes "transactions of matters subsequent to effectuation of the contract and arising out of it." New Horizon's refusal to provide insurance coverage for Ms. Machado for an accident that occurred in Arizona, denial of the claim of Plaintiff for his injuries due to an accident that occurred in Arizona and refusal to defend Ms. Machado in the lawsuit filed by Plaintiff against her in Arizona are acts by New Horizon that have arisen out of the New Horizon policy of insurance sold to Mr. Hernandez. These acts by New Horizon have caused injury and damages to Ms. Machado in the State of Arizona, to include Judgment entered against her in the lawsuit filed by Plaintiff.

45. As set forth in the previous paragraph, substantial acts and/or omissions at issue in

this litigation took place in this division of the judicial district. Venue, therefore, lies with this Court.

### Plaintiff's Claims Against New Horizon

46. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.
47. At the time of the accident of October 2, 2022, Maria Machado was a permissive user of the motor vehicle owned by Raul Lopez Hernandez and insured by Defendant New Horizon.
48. Pursuant to Arizona statutes and court decisions, and the terms of the New Horizon insurance policy, Ms. Machado was insured under the New Horizon policy and protected from claims and losses for bodily injury of the Plaintiff resulting from the accident of October 2, 2022.
49. New Horizon breached the insurance contract, breached the implied Covenant of Good Faith and Fair Dealing owed to Ms. Machado and engaged in conduct constituting third-party bad faith. The conduct by New Horizon giving rise to its liability includes, but is not limited to, the following:
    a. New Horizon failed to properly apply Arizona law to its insurance policy and the facts and circumstances pertaining to the accident between Plaintiff and Ms. Machado. If New Horizon had properly applied Arizona law, it would have recognized that, pursuant to A.R.S.§28-4135 and Arizona court decisions, the omnibus clause of A.R.S.§28-4009 was a part of the New Horizon insurance policy and Ms. Machado could not be excluded from coverage, as she was a permissive user of the Hernandez vehicle. For this reason, any exclusions of the New Horizon insurance policy that improperly exempted Ms. Machado from omnibus coverage were void.
    b. New Horizon failed to properly interpret its own insurance policy that set forth "Other State Coverage Extensions" and "Loss Conditions" that incorporated the liability limits of coverage "specified" by the financial responsibility laws of Arizona. The liability limits specified by Arizona law apply to both named

insureds and permissive users of insured motor vehicles who cannot be exempted from omnibus clause coverage by policy exclusions contrary to Arizona law, to include invalid exclusions in the New Horizon policy and relied upon by New Horizon to deny coverage to Ms. Machado.

c. New Horizon also failed to properly interpret the "Other State Coverage Extensions" and "Loss Conditions" of its policy that states that the policy provides "the minimum amounts and types of other coverages . . . required of out-of-state vehicles" by Arizona law. A.R.S.§28-4135 and the omnibus clause of A.R.S.§28-4009 require the minimum liability limits of Arizona's financial responsibility laws be available to Ms. Machado as a permissive user of the Hernandez vehicle – an out-of-state motor vehicle - while operated on a highway in Arizona.

d. New Horizon wrongly denied Plaintiff's demand for settlement in the amount of the bodily injury liability limits of the policy, dated January 16, 2023, by asserting that Ms. Machado was not insured under the policy because she did not have a valid driver's license. In fact, Ms. Machado did have a valid driver's license. In addition, pursuant to Arizona court decisions, a permissive user of an insured vehicle without a valid driver's license cannot be excluded from omnibus clause coverage on that basis.

e. New Horizon wrongly denied Plaintiff's demand for settlement in the amount of the bodily injury liability limits of the policy, dated February 21, 2023, by asserting that the Hernandez vehicle was "loaned or provided to" Ms. Machado for her "personal use of operation on a temporary or permanent basis" and she was not insured under the policy. Pursuant to both Arizona law and the terms of the New Horizon policy, Ms. Machado was a permissive user of the Hernandez motor vehicle and was insured under the New Horizon policy.

 f. New Horizon wrongly refused to defend Ms. Machado in the lawsuit filed against her by Plaintiff in Pima County Superior Court by improperly asserting that Ms. Machado was not insured under the New Horizon insurance policy while using Mr. Hernandez's motor vehicle, as it was "used by [Ms. Machado] as a loaned vehicle due to Ms. Machado's personal vehicle breakdown." In fact, Ms. Machado was insured under the New Horizon policy as a permissive user of the Hernandez vehicle.

50. As a direct result of New Horizon's breach of contract, breach of the implied Covenant of Good Faith and Fair Dealing and third-party bad faith, Ms. Machado has suffered damages, including the entry of Judgment against her in the lawsuit filed against her by Plaintiff in Pima County Superior Court.

51. Plaintiff, as assignee of Ms. Machado's rights under the New Horizon insurance policy, is entitled to recover damages from New Horizon in the amount of the Judgment entered against Ms. Machado with credit for the amounts paid by GEICO and Farmers.

WHEREFORE, Plaintiff prays for Judgment against Defendant New Horizon Insurance Company as follows:

 a. That Judgment be entered against New Horizon in the amount of the Judgment entered against Maria Machado, together with interest thereon, with credit for the amounts paid by GEICO and Farmers;

 b. For all costs incurred herein;

 c. For attorney's fees;

 d. For such other relief as the Court deems just and proper.

Dated this 26th day of March, 2024.

THE ARROTTA LAW FIRM, PLLC

By _____
Richard B. Arrotta
Attorney for Plaintiff

VAN AMBURG LAW FIRM, PLLC

By _____
Noah Van Amburg
Attorney for Plaintiff